UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CIV-60657-RAR

OFFSHORE MARINE TOWING, INC.,
A Florida Corporation,

                              Plaintiff,

v.


ARTURO GISMONDI, *in personam*, and "M/V SEA U L8TER," a 2018 53-foot HCB, document number 1297047, her engines, tender, tackle, equipment, furnishings and appurtenances, *in rem*,

                              Defendants.
_____/

## MOTION TO ENFORCE THE ARBITRATION AGREEMENT (Doc. 33-6) AND TO STAY THE CASE

On May 21, 2020, the parties are set to be heard by the Court on the issue of Defendant's motion to vacate the arrest of the SEA U L8TER and/or decrease the amount of security posted. (Doc. 25) After the SEA U L8TER ran aground and prior to the subject salvage of the vessel on March 19, 2020 at 1800 hours, Captain Sisler of Offshore Marine Towing, Inc. (hereafter "OMT") explained to the owner and operator of the vessel, Arturo Gismondi, that he would salvage the vessel pursuant to a two page "Standard Form Marine Salvage Contract" which was provided to Mr. Gismondi at that time. (Doc. 33; Doc. 33-2) Defendant Gismondi signed the agreement to have his vessel salvaged by OMT. (Doc. 33-6) Paragraph six of the Standard Form Marine Salvage Contract states:

> In the event of any dispute regarding this salvage or concerning the reasonableness of any fees or charges due hereunder, all parties agree to binding arbitration pursuant to The Boat Owners' Association of the United States Salvage Arbitration Plan.

> IMPORTANT, READ WITH CARE – For the purpose of compelling arbitration, all parties consent to the jurisdiction and venue of the Federal Court situated within the Southern District of Florida upon service of process made in accordance with the statutes of the United States. All parties waive any and all rights to object to personal jurisdiction in said described forum for the purpose of litigation commenced to compel arbitration.

(Doc. 33-6, ¶ 6)

The Plaintiff has been forced to file the instant action prior to seeking arbitration to have security for the claim posted, because the Defendant advised the vessel was not insured. (Doc. 33-2, ¶ 18; *see also* Doc. 33-6, ¶ 7)   Plaintiff hereby moves the Court to stay the case and enforce the arbitration clause of the Standard Form Marine Salvage Contract. (Doc. 33-6).  The arbitration clause should be enforced and the panel of arbitrators should decide all issues in the case, including but not limited to:

1. Whether there was "fraud or duress" exerted upon the Gismondi in entering into the agreement as alleged in the Motion to Vacate (Doc. 25);
2. Whether the arrest of the SEA U L8TER should be vacated;
3. Whether the amount of security posted was excessive;
4. Whether the SEA U L8TER was in a maritime peril at the time of the salvage;
5. Whether there was in fact a successful salvage of the SEA U L8TER; and
6. The amount of the salvage award.

### MEMORANDUM OF LAW

It is proper for the Court to stay the subject case and order the parties to proceed with the agreed arbitration to resolve all matters regarding the salvage of the SEA U L8TER.  Plaintiff submits that the arbitration clause should be enforced and the Defendant's motion (Doc 25.) should not even be heard by the Court, but rather determined by the arbitration panel.  A plaintiff

may begin an action in admiralty, including *in rem* and *quasi in rem* actions by arrest or attachment, subject to stay pending arbitration. *See The Anaconda v. American Sugar Refining Co.*, 322 U.S. 42, 1944.  Section 8 of Title 9 of the United States Code permits a party to commence a proceeding "hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings," and still proceed to arbitration. *SCL Basilisk AG v. Agribusiness United Savannah Logistics LLC*, 875 F.3d 609, 613 (11th Cir. 2017).

There has been no allegation that the Standard Form Marine Salvage Contract was not signed.  Although the Defendant's motion represents that Gismondi (owner of a $1.25 million yacht) was an "unwitting" or somehow oblivious million-dollar-yacht-owner as to marine salvage operations, the contract was a mere two pages, written in clear, unequivocal language, and signed by Gismondi of his own free will at arms length.  (*See* Doc. 33-9 ¶ 7; Doc. 25 p. 3) "A party cannot place the making of the arbitration agreement in issue simply by opining that no agreement exists. Rather, that party must substantiate the denial of the contract with enough evidence to make the denial colorable." *Runnin' Easy 3, Inc. v. Offshore Marine Towing, Inc.*, 314 F. Supp. 2d 1246, 1251 (S.D. Fla. 2004) (citing *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851 (11th Cir. 1992)).  Here, because there has been no allegation that Gismondi did not sign the agreement nor that he did not have authority to sign the agreement, the arbitration clause of the Standard Form Marine Salvage Contract is binding and the parties must resolve any disputes regarding the salvage of the SEA U L8TER through arbitration.

Indeed, under typical circumstances, an arbitration clause within a contract admittedly signed by all parties is sufficient to compel the district court to send any disputes to arbitration. *Chastain*, 957 at 854 (citing *T & R Enters., v. Continental Grain Co.,* 613 F.2d 1272,

1278 (5th Cir.1980)). "Under such circumstances, the parties have at least presumptively agreed to arbitrate any disputes, including those disputes about the validity of the contract *in general*." *Id*. (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04, 87 S. Ct. 1801, 1806, 18 L. Ed. 2d 1270 (1967)). "Because the making of the arbitration agreement *itself* is rarely in issue when the parties have signed a contract containing an arbitration provision, the district court usually must compel arbitration immediately after one of the contractual parties so requests." *Id.* Further, The Federal Arbitration Act states that a district court must compel arbitration if the parties have agreed to arbitrate their dispute. 9 U.S.C. §§ 2, 3 (1988). *See also Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04, 87 S. Ct. 1801, 1806, 18 L. Ed. 2d 1270 (1967); *Runnin' Easy 3, Inc. v. Offshore Marine Towing, Inc.*, 314 F. Supp. 2d 1246, 1251 (S.D. Fla. 2004); *Royal Ins. Co. Of Am. V. BHRS*, 333 F. Supp. 2d 1293 (S.D. Fla. 2004); *GEICO Marine Ins. Co. v. Treasure Coast Mar., Inc.*, 2019 U.S. Dist. LEXIS 18725 (S.D. Fla. 2019) (held the question of whether there was fraud in the inducement of the agreement is for the arbitrator(s) to decide)).

In conclusion, because the parties have entered into a binding Standard Form Marine Salvage Contract containing a valid arbitration clause, the Plaintiff moves the Court to stay the case before the May 21, 2020, hearing, and refer the matter to the arbitration they agreed to conduct.

**CERTIFICATE OF CONFERRING**

Counsel for the Plaintiff has conferred with Opposing Counsel and the motion to arbitrate is opposed.

/s/ Jacob Munch
JACOB J. MUNCH

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **19th** day of **May 2020**, I electronically filed the foregoing with the clerk of court using the Court's CM/ECF system, which will send notice of electronic filing to: **Scott Wagner, Esquire**, Wagner Legal, 3050 Biscayne Blvd., Suite 904, Miami, Florida 33137.

/s/ Jacob Munch
JACOB J. MUNCH
E-mail: jake@munchandmunch.com
Florida Bar Number 376523
CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
Ph: (813) 254-1557 / Fax: (813) 254-5172
*Attorneys for the Plaintiff*