UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

Case No.: 0:20-cv-60657-RAR

OFFSHORE MARINE TOWING, INC.,
a Florida corporation,

    Plaintiff,

v.

ARTURO GISMONDI, *in personam*, and
"M/V SEA U L8TER," a 2018 53-foot HCB,
document number 1297047, her engines,
tender, tackle, equipment, furnishings and
appurtenances, *in rem*,

    Defendants.

_____/

## MOTION FOR RECONSIDERATION

Defendants, through counsel, hereby respectfully move this Honorable Court to reconsider its prior order on one salient point described below[1]:

## LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561,

---

[1] Defendants reminds the Court that the Plaintiff waited until the effective eve of the May 21, 2020 hearing on security to file a Motion to Stay and Compel arbitration, not filed until 9:36 p.m. on May 19, 2020; the Court then issued a May 20th Order at 11:11 a.m. expediting a response to that Motion by the next morning on May 21, 2020 at 9:00 a.m. Defendants complied with the Order as best they could under the circumstances, but the extremely truncated nature caused by surprise filing and expedited response will hopefully afford the Defendants some leeway in fleshing out certain arguments in its Motion for Reconsideration.

1563 (S.D. Fla. 1992)). It is in this regard, the Defendants respectfully ask the Court to correct clear error and/or prevent manifest injustice." *Id*.

## ANALYSIS

A contract provision is ambiguous if it "is susceptible to two or more reasonable interpretations that can fairly be made." *Davis v. Valsamis, Inc.*, 752 F. App'x 688, 692 (11th Cir. 2018), quoting *Dahl-Eimers v. Mut. of Omaha Life Ins. Co.*, 986 F.2d 1379, 1381 (11th Cir. 1993). As such, the only question is not whether one interpretation is better than the other, but merely whether there are two or more reasonable interpretations that can fairly be made.

In its Order, the Court concluded that the contract and the terms therein governed the transaction between the parties and held that the contract compelled arbitration, reconciling Section 6 and Section 7 at Section C of its Order and finding that there was no ambiguity because there was only one way to read the contract as a whole. [DE 45, Section C, pp. 7-11].

However, Defendants respectfully ask the Court to reconsider its decision and advance the argument herein that there are two reasonable interpretations that can fairly be made to read this contract. As the Court correctly noted, under both Florida law and federal maritime law, ambiguity in a maritime contract is construed against the drafter (here the Plaintiff). *St. Paul Fire &Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1191 n.19 (11th Cir. 2009); *Swire Pac. Holdings, Inc. v. Zurich Ins. Co.*, 845 So. 2d 161, 165 (Fla. 2003). [DE 45, Pg. 7].

The Court held one way (and the only way) the contract could be reasonably interpreted as a whole was as follows: the Plaintiff had the right to choose both litigation and arbitration – to first litigate in federal court and enforce its alleged maritime lien against the Vessel, arrest the Vessel and/or force the Defendant to post security and then second had the option to then elect to arbitrate.

But, respectfully, Defendants believe an alternative reasonable interpretation that can fairly be made is also evident from the poorly written terms of the contract written by the Plaintiff and signed by the Mr. Gismondi in a precarious position while his vessel was aground.

As an initial note, the contract was not written as clearly as it could have been. Certainly, the Plaintiff could have written the contractual clause in the following manner, if it wished to proceed under the interpretation made by this Court:

> Should any dispute arise under this contract or out of the services rendered to the Vessel, the Plaintiff will be entitled to commence litigation in federal court to seize the Defendant Vessel for its maritime lien and hold it as security for its pending salvage claim(s), reserving the right to litigate further in federal court or to stay the federal court case and compel the parties to binding arbitration. In the event the Salvor chooses to compel arbitration, whether before or after commencing federal court litigation to enforce its maritime lien, all parties agree to binding arbitration pursuant to The Boat Owners' Association of the United States' Salvage Arbitration Plan.

Had the Plaintiff written its own contract in this matter, it would be clear and unambiguous. But the Plaintiff did not. Instead, the unclear contract left what the Defendants advance is another reasonable interpretation that could fairly be made.

And in a situation where the Salvor knows the contract is likely to be signed *in extremis*, i.e. the Vessel must be in marine peril to even claim salvage, the Defendants believe the onus should be heavily placed on the Salvor's shoulders to write a clear contract and not leave it unclear and ambiguous to an owner in a precarious position.

As such, the Defendants submit for reconsideration that a second reasonable interpretation can be made, i.e. that the contract can be fairly read to mean the Plaintiff could choose to do one of the following per Section 7: (1) initiate arbitration against the *in personam* Owner and pursue the case in arbitration or (2) commence litigation in federal court and therefore have the added benefit of arresting the Vessel, as *in rem* Defendant, to hold as security.

And to square the two Sections at issue, should the Plaintiff choose the first option and arbitrate per Section 7, then the parties agree to binding arbitration per Section 6. But should the Plaintiff elect to "litigate rather than arbitrate" and avail itself of the (greatly beneficial) procedures of the federal courts, then as per Section 7, "it is understood that services performed hereunder are governed by the Admiralty and Maritime Jurisdiction of the Federal Courts." This is a reasonable and fair interpretation that can be made by this Court. While the Court read Section 6 to mandate arbitration in all instances, the clause is actually never triggered should the Salvor not elect to arbitrate and instead under Section 7 choose to litigate and arrest the Vessel, which the Court noted correctly it had an option to do. Instead, a reasonable interpretation is that the Salvor (1) can elect to arbitrate, triggering Section 6's agreement to binding arbitration or (2) it can elect to commence litigation rather than arbitration and proceed in federal court to litigate by arresting the Vessel and proceeding under Section 7's language noting the services are "governed by the Admiralty and Maritime Jurisdiction of the Federal Courts."

Nowhere does the contract ever state that the Plaintiff could do both. There is no contractual term that says the Salvor could litigate and arrest the Vessel and then decide it would go to arbitration after arresting the vessel. And because the contract never mentions the option of doing both (starting litigation and arresting the Vessel and then compelling arbitration after) the Defendants believe that their interpretation of the contractual clauses found at Section 6 and 7 is one that is, at the very least, both reasonable and fair. In fact, it is reasonable to conclude that the term "litigate" was actually defined in the contract by the Plaintiff itself to mean "have the Vessel taken into custody by the United States Marshal…". Once that choice was made, it is reasonable to conclude that it "chose to litigate *rather than arbitrate*." (emphasis added). This qualifying language defining what it means to "litigate" is important because Plaintiff includes no other

language in its contract to describe what it means by "litigate" and certainly does not make clear once it elects to litigate, i.e. to have the Vessel taken into custody, that it can suddenly pivot and change tact and then elect to arbitrate; instead, the contract says the Salvor can chose to litigate rather than arbitrate. It is reasonable to conclude this means the Salvor cannot do both.

As mentioned, the contract specifically reads that the "Salvor may at its option litigate *rather* than arbitrate and may have the Vessel arrested and taken into the custody of the United States Marshall (sic) pending receipt of payment in full." (emphasis added). Reasonably read another way, the clause effectively says "Salvor may at its option litigate and may have the Vessel arrested and taken into the custody of the United States Marshall (sic) pending receipt of payment in full, *rather* than arbitrate."  Defendants respectfully argue that a fair-minded reasonable person could interpret these clauses to mean that if the Salvor chooses to litigate, i.e. to avail itself of federal court procedure and to arrest the Vessel as security, that it has elected its remedy and rather than arbitrate has forsaken its opportunity to compel arbitration.  Had the Salvor intended its contract to mean it could litigate and also then arbitrate, then the Salvor could have written that clause as follows: "Salvor may at its option litigate and may have the Vessel arrested and taken into the custody of the United States Marshall (sic) pending receipt of payment in full and then choose to arbitrate per Section 6."  Defendants read the word "rather" to mean one to the exclusion of the other, instead of allowing the Salvor to do both.  Defendants respectfully believe this is a reasonable and fair interpretation of the contract.

This further makes sense because of the predicament between the parties and posture now – the Plaintiff has filed its action in federal court for a maritime lien, arrested the Vessel, forced security to be posted in the amount of $330,000.00 and then with its late filing seemingly foreclosed the Defendants' right to file a counterclaim and seek counter-security in this Court for

Supp. Adm. Rule E(7)(a), as the Defendants moved to extend filing its Counterclaim pending this Court's ruling on the Motion to Vacate and/or Reduce Security. The Plaintiff should not be allowed to have its cake and eat it to, where there is a fair and reasonable interpretation to suggest the contract the Plaintiff wrote reads otherwise.

Effectively, a reasonable way to read contract is that it gives the Salvor a choice – arbitrate against the *in personam* owner or litigate against the *in personam* owner and the *in rem* Defendant Vessel. This is a reasonable and fair minded conclusion based on the wording of the contract -- the contract can be reasonably read such that the offer the Plaintiff both choices and Plaintiff chose the latter, which came with a massive benefit of being able to arrest the Vessel and with an incredible prejudice to the Defendants of litigating this case, of posting $330,000.00, and having no ability to counter-security at this point. Salvor's effort to arbitrate should be deemed waived and the reasonable interpretation of the contract put forward by the Defendants should be viewed in its favor and against the Plaintiff Salvor who drafted the contract.

As such, the Defendants respectfully ask this Court to reconsider its Order [DE 45] and to find instead that the Defendants' interpretation of the contract set forth in this Motion is indeed a reasonable and fair one, such that the Plaintiff's election to litigate and take the Vessel into custody rather than arbitrate was made, allowing the Defendants to remain in this Court on the merits and not be compelled to arbitration.

Dated: August 17, 2020              Respectfully Submitted,

                                                WAGNER LEGAL
*Counsel for Defendants*
3050 Biscayne Blvd., Suite 904
Miami, Florida 33137
Telephone: (305) 768-9247
Fax: (305) 306-8598

By: */s/ Scott A. Wagner*

Scott A. Wagner<br>
Fla. Bar. No. 10244<br>
sw@wagnerlegalco.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on August 17, 2020 with the Court's electronic filing system, CM/ECF, and thereby served on all counsel of record.

<b>/s/  Scott A. Wagner</b><br>
Scott A. Wagner